# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2013

No. 12-20633
Summary Calendar

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff

v.

ALBERT FASE KALETA,

Defendant

RONALD ELLISOR; LAVONNE ELLISOR; RICHARD KADLICK; SAILAJA
URI KONDURI; ROBERT FICKS; ET AL,

Appellants

v.

THOMAS L. TAYLOR, III, the receiver for Kaleta Capital Management, Inc.,
BusinessRadio Network, L.P., doing business as BizRadio, doing business as
Daniel Frishberg Financial Services, Inc., doing business as DFFS Capital
Management Inc. and all of the entities they own or control

Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3674

No. 12-20633

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ths is an interlocutory appeal arising from a receivership proceeding. Appellants are a subset of investors who were allegedly defrauded by Receivership Entities[1] in violation of federal securities laws. Appellants challenge the district court's approval of a negotiated settlement between the court-appointed Receiver and third parties referred to collectively as the Wallace Bajjali Parties, who were closely affiliated with the Receivership Entities.[2] Moreover, Appellants challenge the court's entry of a bar order enjoining them and other investors from commencing or continuing any legal action against the Wallace Bajjali Parties that arises from the underlying fraud. We review a district court's actions in supervising an equity receivership for an abuse of discretion. *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982). Similarly, we review a district court's actions in granting an injunction for an abuse of discretion. *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As defined by the settlement agreement, the "Receivership Entities" are "all entities, now or hereafter subject to the Receivership Estate, including without limitation" Kaleta Capital Management, Inc.; Kaleta Capital Management, L.P.; BusinessRadio Network, L.P. d/b/a BizRadio; Daniel Frishberg Financial Services, Inc. d/b/a/ DFFS Capital Management, Inc.; "and all of the entities they own or control."

[2] As defined by the settlement agreement, the "Wallace Bajjali Parties" are David Wallace, Costa Bajjali, and certain entities owned or affiliated with Messrs. Wallace and Bajjali, namely West Houston WB Realty Fund, L.P.; Wallace Bajjali Investment Fund II, L.P.; LFW Economic Opportunity Fund, L.P.; Spring Cypress Investments, L.P.; and Wallace Bajjali Development Partners, L.P.

Among other things, certain of the Wallace Bajjali Parties served as the agent for Appellants and other investors purchasing promissory notes from BizRadio.

No. 12-20633

Appellants make two contentions on appeal.  First, Appellants argue that the district court did not have legal authority to enter its bar order.  On the contrary, "the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership."  *Safety Fin. Serv.*, 674 F.2d at 372–73 (citation and quotation marks omitted).  These powers include the court's "inherent equitable authority to issue a variety of 'ancillary relief' measures in actions brought by the SEC to enforce the federal securities laws."  *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (footnote omitted).  Such "ancillary relief" includes injunctions to stay proceedings by non-parties to the receivership.  *See id.* at 1368–72 (affirming district court's order to stay all persons, including nonparties, from continuing with any proceedings against receivership entities); *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 340 (5th Cir. 2011) ("It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions.").

Appellants argue that the cases cited by the district court in entering its bar order are distinguishable from the case at bar.  However, because this is a case in *equity*, it is neither surprising nor dispositive that there is no case law directly controlling the district court's bar order.  *See Gordon v. Dadante*, 336 F. App'x 540, 549 (6th Cir. 2009) ("[N]o federal rules prescribe a particular standard for approving settlements in the context of an equity receivership; instead, a district court has wide discretion to determine what relief is appropriate.").  As the district court correctly remarked, "These case distinctions do not mandate a different outcome here.  This Court, as any court of equity, considers legal precedent, including the types of stays or injunctions imposed by other courts.  However, receivership cases are highly fact-specific."

We have reviewed the factors considered by the district court in entering the bar order, namely the necessity of the bar order for securing Messrs.

No. 12-20633

Wallace's and Bajjali's personal guarantees to pay the Receivership Estate, and the fact that the settlement expressly permits Appellants and other investors to pursue their claims by "participat[ing] in the claims process for the Receiver's ultimate plan of distribution for the Receivership Estate." Further, contrary to Appellants' contentions, the bar order is not "of unlimited duration and scope"; rather, the investors continue to retain all other putative claims against the Wallace Bajjali Parties that do not arise from the allegedly fraudulent notes that underlie this action.[3] We conclude that the district court's analysis was sound and thus the court did not abuse its discretion in entering the bar order.[4]

Second, Appellants argue that the district court abused its discretion by approving the settlement based on allegedly false information regarding the Wallace Bajjali Parties' financial condition. Appellants concede on appeal "that the Receiver was not fully informed by the Wallace Bajjali Parties at the time of the original settlement deal, and that, therefore, the settlement should have been rejected at the time of the Motion for Reconsideration" filed by Appellants

---

[3] In particular, the bar order applies only to "BusinessRadio Note Holders" who might seek to bring a legal action "against any of the Wallace Bajjali Parties arising out of, in connection with, or relating in any way to the BusinessRadio Note Plan, the loans made to BusinessRadio or its related entities by the BusinessRadio Note Holders, and/or the notes issued by BusinessRadio or its related entities to the BusinessRadio Note Holders[.]"

[4] Appellants make the additional, related argument that the bar order violated the Anti-Injunction Act. The Anti-Injunction Act prohibits federal courts from granting an injunction to stay proceedings in a state court, with certain exceptions. 28 U.S.C. § 2283. It is well established that the Act applies only to *pending* state court proceedings; the Act "does not preclude injunctions against a lawyer's filing of *prospective* state court actions." *Newby*, 302 F.3d at 301 (citing *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2, 85 S. Ct. 1116, 1119 n.2 (1965)); *B & A Pipeline Co. v. Dorney*, 904 F.2d 996, 1001–02 n.15 (5th Cir. 1990) ("There was no state court action pending in the instant matter at the time the district court issues its injunction. Therefore, the Anti–Injunction Act does not apply."). Here, Appellants state in their own brief that they "*wish to* pursue litigation against the Wallace Bajjali Parties, *potentially* in state court." (Emphasis added.) That is, Appellants have not argued that they have pursued any state court proceedings. They do mention in a footnote that they filed a state lawsuit on January 6, 2012, but that action was apparently non-suited at some point not specified in Appellants' briefs. Accordingly, the Anti-Injunction Act does not apply.

No. 12-20633

after the district court's approval of the settlement.  We interpret Appellants' argument as a challenge to the district court's denial of Appellants' motion for reconsideration, rather than a challenge to the district court's initial approval of the settlement.

After Appellants filed their motion for reconsideration, updated evidence was presented by Appellants and the Wallace Bajjali Parties about the latter's development projects.  As far as the record shows, the district court remained fully informed of the business activities and financial dealings of the Wallace Bajjali Parties and thoroughly considered both old and new evidence in arriving at its decision to deny Appellants' motion for reconsideration.  As the district court stated,  "the concerns expressed by the objectors are [not] meaningful grounds to re-trade the deal or to deny the approval" of the settlement.  We find no abuse of discretion in the district court's conclusion that the equities warranted denial of Appellants' motion for reconsideration.

AFFIRMED.